CHRISTOPHER P. BURKE, ESQ.                    ECF FILED ON 4/07/17
Nevada Bar No.: 004093
*attycburke@charter.net*
702 Plumas St.
Reno, Nevada 89509
(775) 333-9277
Attorney for Debtor
Ashleigh Lynn Easley

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: ) | BK-N-17-50018-BTB |
| ) | Chapter 13 |
| **ASHLEIGH LYNN EASLEY** ) | |
| ) | |
| ) | HEARING DATE: |
| Debtors. ) | HEARING TIME: |

**MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY UNDER §362(a) AND DAMAGES AGAINST CREDITOR, CAR LOANS NEVADA LLC AND RAPID NEVADA RECOVERY and MOTION FOR TURNOVER OF VEHICLE**

COMES NOW, Debtor, Ashleigh Lynn Easley, ("Debtor" or "Easley"), through her counsel, Christopher P. Burke, Esq., ("Burke") and files this Motion for Contempt for Violation of the Automatic Stay Under §362(a) and for Damages against Creditor, Car Loans Nevada LLC ("CLN") and Rapid Nevada Recovery aka Rapid Recovery ("RNR") and for Turnover of Vehicle.

**I**

**FACTS**

1. Ms. Easley filed a Chapter 13 Bankruptcy on January 9, 2017, Case No. BK-N-17-50018-BTB. (Dkt. #1).

2. That Ms. Easley listed CLN on Schedule D of her petition as a securing the debt for her 2006 Honda Civic ("Civic"), for a total of $8,600.(Dkt. 1, pgs. 21-22).

3. That CLN was notified of Ms. Easley's Chapter 13 bankruptcy, by mailing of the Notice of Chapter 13 Case Official Form 309 (Dkt. 6) at three different

1

addresses on January 12TH 2017 by BNC (Dkt. #9).

4. That CLN was notified on January 18TH 2017 of Ms. Easley's Chapter 13 at three different addresses when she filed the Motion for Continuation of the Automatic Stay. (Dkt. #20).

5. That when Easley filed her Chapter 13 Plan, CLN was again notified of Easley's bankruptcy at all three addresses on January 31ST 2017. (Dkt. #25).

6. That CLN even filed a Proof of Claim (Claim 2-1), listing an address of 100 N. Arlington Ave., #350, Reno, Nevada 89501 where notices should be sent.

7. That this address is one of the addresses Ms. Easley has listed for CLN on her matrix.

8. That on April 5, 2017, a repossession company, Rapid Nevada Recovery, repossessed Easley's Civic. (Ex. "A" - Declr. of A. Easley").

9. That during the time RNR was repossessing the vehicle, Ms. Easley adamantly stated she had filed bankruptcy. (Ex. "A" - Declr. of A. Easley ¶7).

10. That when RNR carried on with repossessing her vehicle, she called her counsel's office and spoke to Kim. She then put Kim on speaker phone so the RNR employee, Bill, could be on notice that she is in a bankruptcy. (Ex. "A" - Declr. of A. Easley ¶10).

11. That Kim then notified Bill that Ms. Easley was in a bankruptcy, and that he was violating the Bankruptcy Code. (Ex. "B" - Declr. of K. Wilson ¶6).

12. That nonetheless, RNR repossessed Ms. Easley's Civic.

13. That Ms. Easley obviously depends on this vehicle to live, to get to work, go to meetings, along with going to the store.

## II
## ARGUMENT
### A
### CLN and RNR have violated §362(a)(1),(3) and (a)(6)

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, harassment, and all foreclosure actions. It permits the debtor to attempt

2

a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove them into bankruptcy. H.R. 989, 95th Cong. 2d Sess. 54-55 (1978).

There is no question CLN and RNR violated the automatic stay by repossessing Ms. Easley's vehicle post-petition. See 11 U.S.C. §362(a)(1),(3) and (6). Both violated §362(a)(1) by continuing a proceeding against the Debtor that could have been commenced before the bankruptcy. By repossessing Ms. Easley's vehicle, CLN and RNR are also attempting to obtain and exercise control over property of the estate. 11 U.S.C. §362(a)(3). And are collecting on a pre-petition claim. U.S.C. §362 (a)(6). All of these acts violate the stay.

## B
## Ms. Easley is entitled to actual and emotional distress damages

Once the stay is violated, a debtor can recover actual damages, costs, and attorney's fees.11 U.S.C. § 362(k). Punitive damages are in the Court's discretion. To prevail under §362(k), a debtor must first prove that the violation was willful. Willful is defined as a deliberate act done with the knowledge that the act is in violation of the automatic stay. *In re Forty-Eight Insulation, Inc.,* 54 B.R. 905, 909 (Bkrptcy N.D. Ill 1985); *In re Allen*, 83 B.R. 678 (Bkrptcy E.D. Penn. 1987). A creditor's violation of the stay is willful even if the creditor believed itself justified in taking action found to be violative of the stay. *In re Tel-A-Communications Consultants, Inc.,* 50 B.R. 250, 254 (Bkrptcy D. Conn. 1985).

The Ninth Circuit elaborated on the term "willful" in the context of 11 U.S.C. § 362(h)[1] *In re Pinkstaff*, 974 F.2d 113(9th Cir. 1992). "A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that if had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded. *Id* at 115. See also *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989); *In re Carroll*, 903 F.2d 1266, 1272 (9th Cir. 1990). CLN and RNR had knowledge of Easley's bankruptcy, but took her vehicle!

---

1. Now §362(k)

The size and complexity of the creditor's organization is no defense to a stay violation. *In re Fernandez* 132 B.R. 775 (District Court M.D. Fla.1991). And the fact a creditor acted in good faith in violating the automatic stay is not a defense. *In re Stainton*, 139 B.R. 232 (9th Cir. BAP 1992). "The plain language of the statute requires that the injured party be awarded the entire amount of actual damages reasonably incurred as a result of a violation of the automatic stay. Under the circumstances of this case, allocating a portion of the actual damages as an expense to be borne by the bankruptcy estate is inconsistent with the plain language of the statute." *Stainton* at 234-235. See also *In re Bulson* 117 B.R. 537 (9th Cir.BAP 1990).

The Ninth Circuit also allows for emotional distress damages. See *In re Dawson,* 390 F.3d 1139 (9th Cir. 2005). In this case, because of CLN and RNR's actions, Ms. Easley has incurred actual damages including attorneys fees and spending time away from her work, notwithstanding emotional distress, anxiety, humiliation, and loss of sleep. *In re Romans,* 238 B.R. 1, 10 (9th Cir. B.A.P. 2002). And Ms. Easley has incurred attorney's fees in filing this motion, that are compensable because its to ensure CLN and RNR do not continue to repossess vehicles that are property of the bankruptcy estate. Thus, Ms. Easley requests a separate hearing to determine all damages, along with attorney fees and costs that should be awarded.

**C**
**Ms. Easley can also recover damages**
**and attorney fees under §105(a)**

Alternatively, this Court can sanction Bank of America under §105(a). See *In re Harris* 312 B.R. 591 (N.D. Miss. 2004); *In re Sanchez* 372 B.R. 289 (Bankr. S.D. Tex. 2007) (Section 105(a) gave court power to sanction creditor's charging undisclosed and improper fees); *In re Rizzo Cheverier* 364 B.R. 532 (Bankr. S.D.NY 2007) (treating debtor as being in default after she cured violated discharge injunction); *In re McCormak* 203 B.R. 521 (Bankr. D.N.H. 1996) (mortgage bank held liable for $10,000.00 in punitive damages).

This Court can also award attorney fees for contempt under §105(a). A possibility left open by *Sternberg,* when its "expressly stated that it was not considering the civil contempt authority of the court and that it's opinion should not be construed as limiting the availability of contempt sanctions, including attorney's fees under that authority." *In re Espinosa* 2011 WL

2358562 at *5, citing *Sternberg* 595 F.3d 937, 946 n.3 (9th Cir. 2010), and *In re Feagins,* 439 B.R. 165, 179, n.2 (Bankr.D.Haw. 2010).

### III
### CONCLUSION

It is clear, that CLN and RNR blatantly violated the automatic stay. CLN and RNR not only should return Ms. Easley's vehicle, but this is a case which warrants the imposition of sanctions, damages and an award of attorney's fees.

WHEREFORE, the Debtor respectfully requests an order;

1. That CLN and RNR violated §362(a)(1),(3) and (a)(6).
2. That CLN and RNR immediately return Ms. Easley's vehicle.
3. Sanctioning CLN and RNR under §362(k) or §105(a) in an amount to be determined.
4. Awarding Debtor's attorney fees and costs under §362(k) or §105(a) in an amount to be determined.
5. Awarding Debtor actual damages and costs in an amount to be determined.
6. Holding a separate hearing on sanctions, actual damages, punitive damages, and attorney fees.
7. Any other relief deemed just and proper.

DATED this 7th day of April 2017.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No.: 004093
702 Plumas St.
Reno, Nevada 89509
Attorney for Debtor
Ashleigh Lynn Easley

5