SCOTT N. TISEVICH, ESQ.  
NV Bar #5525  
241 Ridge St. – Suite 300  
Reno, NV 89501  
775-786-8926  
*Attorney for Creditor*  
*Car Loans Nevada, LLC*

Electronically Filed: August 21, 2017

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEVADA

IN RE:

ASHLEIGH LYNN EASLEY,

        **Debtor,**

_____/

Case No: BK-N 17-50018-btb  
Chapter 13

Hearing Date: _____  
Time: _____

**CREDITOR CAR LOANS NEVADA, LLC's MOTION UNDER B.R. 7052 and B.R. 9023 TO MAKE AMENDED FINDINGS OF FACT AND AMEND JUDGMENT**

    Comes Now the Creditor, CAR LOANS NEVADA, LLC, by and through its attorney of record, SCOTT N. TISEVICH, and pursuant to Bankruptcy Rule 9023 and 9024, moves this court for an Order Amending the Judgment of Contempt announced from the bench on of July 31, 2017, as supplemented August 17, 2017, for the purpose of re-evaluating the award of punitive damages. (As of the morning of August 18, 2017, the Judgment as announced had not yet been formally entered on the clerk's official Docket, as contemplated by B.R. 5003 ). (This Motion does not seek reconsideration of the other elements of the amounts of the Judgment).

    The Judgment as announced included an award of $50,000.00 for punitive damages. Relief from this part of the Judgement is warranted because there were factual considerations relating specifically to the issue of punitive damages which were not addressed at the July 31, 2017 hearing. While the facts of the creditor's repossession of Debtor's vehicle notwithstanding its receipt of notice of her January 9, 2017 Chapter 13 were not in dispute, the Court should have also considered the financial situation of the company in reaching its determination of the amount of punitive damages.

Filed contemporaneously herewith is the Declaration of Max Haynes, President and CEO of CAR LOANS, INC. (parent company of CAR LOANS NEVADA, LLC). Mr. Haynes Declaration also presents the company's financial statements as of June 30, 2017 and for the last two years. The Court should make further factual findings concerning the ability of the Creditor to pay the $50,000 punitive damage award. Based on current conditions, that ability appears to be very modest.

Accordingly, as detailed below, the Creditor respectfully moves this Court, pursuant to Federal Bankruptcy Rules of Procedure 7052 and 9023 to amend its findings and enter an amended judgment awarding only compensatory damages for actual economic losses and emotional distress (as found at the conclusions of the July 31st hearing) but vacating or substantially reducing the amount of punitive damages.

Dated this August 18, 2017.

/s/ Scott N. Tisevich, Esq.
Scott N. Tisevich, Esq.
Attorney for Car Loans Nevada LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Background.

Debtor's Chapter 13 case was filed on January 9, 2017. This matter arose out of an action by the Creditor's Borrower Relations Manager in authorizing a repossession of Debtor's vehicle, on April 5, 2017. On April 7, 2017, Debtor filed a Motion to find Creditor in contempt for violation of the automatic stay. An immediate hearing on the Motion was held on April 12, 2017. However, as Creditor was not represented at that hearing, after taking evidence from Debtor, the matter was continued until July 31, 2017.

At the continued hearing, the Creditor's Borrower Relations Manager testified that the Creditor had previously received notice of the Debtor's bankruptcy case shortly after its filing on January 9, 2017. The manager also testified that the company had received notice of Debtor's motion seeking an extension of the automatic stay, but at the time of the repossession order, he did not realize that there was an extension of stay in effect. (mistakenly believed –based on faulty internet research -- that the debtor's bankruptcy stay had expired 30 days after filing because it was her second case within a 12 month period. )

The manager compounded his mistake by communicating his conclusion regarding debtor's bankruptcy status to Creditor's other employees. When, on April 5, 2017, the repossession agent hired by Creditor went to the Debtors' residence to retrieve the vehicle, he was told (by both the Debtor and an employee of her bankruptcy attorney) that the Debtor was protected by a recent bankruptcy filing. The repossession agent had his office manager call the Creditor to confirm the bankruptcy. The employee who answered Creditor's phone that afternoon confirmed that Debtor was in bankruptcy, but (apparently based on the manager's mistaken conclusion concerning the existence of the stay) instructed the driver to retrieve the vehicle anyway.

The Creditor's Reno general manager, Barbara Mearse, was called to testify as to the Creditor's business operations and to give her recollection as to the circumstances of the repossession.

The Creditor was found to be in contempt of the order granting the automatic stay. In announcing the judgment on July 31, 2017, this Court found that the company had not only received the initial notice of the Debtors current bankruptcy filing, but that there was admitted record of the motion for extension of stay. Although the Creditor's Borrower Relations Manager had testified that he was unaware of the existence of the court's Order continuing the automatic stay, the Court found that he had ample reason and means discover it. The court also found evidence that the Debtor's counsel had attempted to reach the Creditor on April 7, 2017, and that when the Motion for contempt was transmitted to Creditor (on April 10th) the Creditor took no action to release the vehicle until after the April 12th hearing. Further the Company was found to have the means to verify the true status of the stay, but did not.

The Court found Creditor in contempt for violation of the automatic stay. The Court stated that it considered that the company was found to be liable to Debtor for damages under 11 U.S.C. 362(k). The Court awarded Debtor $13,410 for attorney fees and other economic damages, plus $100,000 for emotional distress damages, plus $50,000 for punitive damages[1]. (The Supplementary hearing of August 17, 2017 put on the record certain findings concerning the conduct of the Company's Borrower Relations Manager, but did not change these elements of damages).

### 2. A Party May Move for Reconsideration of a Judgment on Grounds Recognized in FRCP 59.

Bankruptcy Rule 9023 provides that a motion to amend a judgment shall be filed no later than 14 days after entry of the judgment. BR 9023 also incorporates Federal Rule of Civil Procedure 59 as applicable in cases under the Bankruptcy Code.

Under the provisions of FRCP 59(a)(2), upon a party's motion, a court may reopen a judgment, take additional testimony, and or for an amendment of findings of fact and conclusions of law, (if appropriate) direct the entry of a new judgment.

---

[1] The Court also declared that the repossession company, RAPID RECOVERY, INC., would be jointly and severally liable on the attorney fees and economic damages, and jointly and severally liable to the extent of $10,000 on the emotional distress issue and $5,000 on the punitive damage issue.

-4-

For cases arising under FRCP 59, generally there are four recognized grounds upon which such a motion for amended judgment and/or additional findings may be granted: first, to correct manifest errors of law or fact upon which the judgment is based. Second the motion may be granted so that the moving party may present new discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. And finally (fourth) such motion may be justified by a changed in intervening law. *Allstate Ins. Co., v. Herron,* **634 F.3d 1101,1111 (9th Cir. 2011).**

In this case (pending the issues addressed at the continued hearing of August 17, 2017), CAR LOANS NEVADA, LLC. urges that the Court did not specifically address the proper legal standard in determining the amount of punitive damages. Specifically, that in addition to considering the Creditor's conduct, the punitive award should also take into consideration the financial condition of the Creditor and its ability to pay the judgment as announced.

### 3. The Need to Consider the Legal Factors Warranting Imposition of Punitive Damages is an Additional Legal Ground Which the Court Should Have Considered to Prevent Injustice.

Section 362(k) does provide that in addition to actual damages, "in appropriate circumstances", the Debtor may also recover punitive damages. The use of the conditional "may" suggests that the punitive damages are within the courts discretion.

The issue at hand is the appropriate amount of punitive damages. The purposes of punitive damage awards is to both punish the contemnor and deter similar conduct in the future.

In general, the degree of malice and the financial wealth of defendant are both relevant in determining the proper amount of punitive damages. *Armstrong v. Republic Realty Mortgage,* **631 F.2d. 1344,1351. (8th. Cir. 1980).** The rule in the Ninth Circuit has been said to be that punitive damages must be proportional; they must be reasonably related to the compensatory damages. *Hudson v. Moore Business Forms,* **836 F.2d. 1156, 1162-63, (9th Cir. 1987).** *In Re: Sansone,* **99 B.R. 981, 989 (Bankr. C.D. CA 1989)** (interpreting former 362(h), renumbered in 2005 to 362(k). )

The factors to consider in determining a punitive damage award are (1) the nature of the defendants' acts , (2) the amount of the compensatory award, and (3) defendants' wealth. *Id.* (Citing *Professional Seminar Consultants, Inc. v. Sino Am. Technology Council, Inc.* 727 F.2d. 1470, 1473). (9th Cir., 1984).   Evidence of a Defendant's financial condition is essential to support an award of punitive damages.

In this case,  Barbara Mearse testified that the Creditor's finances had been declining due to changes in the regions auto finance market.  However, the focus of the July 31st hearing was on the issues of the wrongful repossession and the effect on Debtor.   In gauging the measure of punitive damages, in light purposes to be served by an award of punitive damages, the Creditor should have consideration its "wealth" and the potential impact on its ability to pay the amounts awarded.

**2. The Determination of the Punitive Damage Award Did Not Adequately Consider the Financial Condition of the Creditor.**

This Court is respectfully requested to consider as new or previously unavailable evidence relevant to the question of punitive damages certain additional information concerning the financial condition of the Company.

At the July 31st hearing, the focus was on the events of April 5, 2017 and the effect of the repossession on the Debtor.  Testimony was offered (by Barbara Mearse) briefly testified that the creditor was a relatively small operation, and that the last few years have been difficult financially. (The Court may recall that at one point during cross examination, Ms. Mearse's answers  were considered too broad,  and that she was admonished to limit her answers).

The Judgment as entered was substantially larger than CAR LOANS INC.'s management anticipated.  As the Judgment was announced (imposing $100,000 Emotional Distress damages and $13,410 Actual Out of Pocket damages) the imposition of the additional $50,000  punitive damage award presents a significant obstacle to the continued viability of the company.

As detailed in the contemporaneously filed Declaration of Max Haynes (President and Chief Operating Officer of CAR LOANS, INC. ), even on a consolidated basis, the Company's present finances are clearly precarious. As of June 30, 2017 (the most recently available interim (internal) financial statement), CAR LOANS NEVADA, LLC and its parent Company had an excess of liabilities over assets of some $2,791,895. Due to changes in the vehicle lending markets over the last few years, the operations of the Company over the last two and half years have resulted in large (and increasing losses). The most salient figures from the financial statements attached to Mr. Haynes' Declaration can be summarized as follows :

| Item | Calendar Year 12/31/2015 | Calendar Year 12/31/2016 | Six Months 06/30/2017 |
|---|---|---|---|
| Accumulated Net Equity/(Deficit) | (1,594,087) | (1,969,636) | (2,791,895) |
| Gross Revenues | 2,081,787 | 1,728,016 | 502,641 |
| Net Income | (1,566,839) | (1,090,292) | (467,277) |
| Reference in Haynes Declaration | Exh. C | Exh. E | Exh. B |

The significance of the above summary as it relates to CAR LOANS NEVADA's ability to pay this judgment (absent any form of relief from the Court) is twofold: (1) that the gross revenues are rapidly declining (the full year for 2017 is on track to be about half of 2015's revenues); and (2) of the $2,791,895 accumulated deficit in net worth, substantially all is attributable to operating losses over the last 30 months ( In aggregate, the losses for calendar year 2015, 2016 and the first 6 months of 2017 amount to 3,124,408).

Creditor has filed a claim with its insurance carrier for coverage for the actions of its employees in negligently authorizing the repossession of Debtor's vehicle. However, to date, the insurer has denied coverage for this loss.

Given the current trend of operating losses, Creditor's continued existence already depends on securing outside financing. The ability to obtain outside financing for working capital depends on the stability of regular interest payments to its existing lenders , as well as any new loans.

**4. Conclusion.**

Responsibility for the repossession of the Debtor's vehicle rests with Creditor CAR LOANS NEVADA, LLC. The award of some $113,410 for economic and emotional distress damages has already put the Company at an existential moment.

As to the additional $50,000 of punitive damages, Creditor recognizes the common formula that in order to deter re-occurence of the contemptuous conduct, an award of punitive damages is supposed to "sting". When the Court announced the punitive damage award at the conclusion of the July 31st hearing, reference was made to Judge Klein's decision in **Sundquist v. Bank of America,** which imposed punitive damages against Bank of America in the tens of millions. As can be seen from the exhibits accompanying the Affidavit of Mr. Haynes, the net worth of this Creditor clearly does not in any way resemble that of Bank of America.

The element of deterrence is likely to be served by the compensatory damages. Additional punitive damages in the amount presently may serve only to result in the bankruptcy of the creditor as well.

In view of these circumstances, the Creditor respectfully requests that the Court should issue an Order reopening or amending the Judgment to consider its financial position and net worth; and if deemed appropriate to reduce the amount of punitive damages.

Dated this August 18, 2017.

/s/ Scott N. Tisevich, Esq.
Scott N. Tisevich, Esq.
Attorney for Car Loans Nevada LLC

## CERTIFICATE OF SERVICE BY ELECTRONIC MAIL

Pursuant to FRBP 7005 and FRCP 5(b), I certify that on the 21 day of August, 2017, I caused to be served a true and correct copy of Creditor Car Loans Nevada, LLC Motion Under B.R. 7052 and B.R. 9023 to Make Amended Findings of Fact and Amend Judgment to all interested parties on the ECF System and the following persons served by US Postal Service with postage prepaid as indicated below:

__ By Notice of Electronic Filing: through Electronic Case filing System of the Untied States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

CHRISTOPHER P. BURKE, ESQ    Attyburke@charter.net
WILLIAM A. VAN METER          c13ecf@nvbell.net, wvanmeter13@ecf.epiqsystems.com
JARED BECKMAN                 jdbeckman@wolfeweyman.com

____ Personal Delivery: by placing the document listed above in a sealed envelope with postage prepaid in the United States mail at Reno, Nevada and addressed as set forth below:

Dated this 21 day of August, 2017.

/s/ Sue C. Birrell
Sue C. Birrell
Legal Assistant to Scott N. Tisevich, Esq.